956 F.2d 1168
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Pamela DRISKEL, Defendant-Appellant.
 No. 91-50364.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 3, 1992.*
Decided March 5, 1992.
 
 Before CANBY, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Pamela Driskel challenges the district court's denial of her motion to suppress evidence, basing her challenge on an allegedly improper warrant authorizing interception of telephone conversations implicating her in a cocaine conspiracy.[1]
 
 
 3
 Driskel's primary argument is that the affidavit in support of the warrant application did not establish that traditional investigative techniques would be ineffective, and thus that the district court improperly granted the request for a wiretap warrant. Driskel fails to overcome two big hurdles, however: First, the so-called "necessity requirement" does not require that every other investigative method be completely inadequate and that a wiretap be the only means of effectuating the investigation. Rather, the "necessity requirement means that the affidavit must set out a factual background that shows that ordinary investigative procedures, employed in good faith, would likely be ineffective in the particular case." United States v. Brone, 792 F2d 1504, 1506 (9th Cir 1986). The second hurdle is the standard of review: We will reverse a district court's determination of necessity only upon a showing of abuse of discretion. United States v. Commito, 918 F2d 95, 98 (9th Cir 1990), cert denied, 112 SCt 224 (1991).
 
 
 4
 The warrant affidavit here clearly sets forth reasons why ordinary investigative methods would likely be ineffective in this case. See Govt. ER 256-64. The district court, as was its prerogative, apparently accepted the affiant's explanations. Although Driskel spends much time in her brief postulating various other investigating methods that might have been used, "[t]he fact that the [FBI] could have taken different or some additional steps in its investigation does not demonstrate that the district court abused its discretion in upholding the wiretap order." United States v. Carneiro, 861 F2d 1171, 1178 (9th Cir 1988).
 
 
 5
 Driskel's fallback argument is that even if the initial 30-day warrant was valid, which we hold it was, the subsequent extensions of time were unjustified. We reject this argument as well. The district court found that probable cause existed to justify a wiretap in the first instance; the FBI agent submitted evidence that continued electronic surveillance would further the investigatory objective of rounding up the conspiracy. Again, we cannot say that the district court abused its discretion in believing him.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government claims Driskel lacks standing to contest the warrant authorizing the wiretap because she did not specifically allege that her own conversations were intercepted. This argument ignores the fact that FBI agent Schwarz relied on telephone calls placed by Driskel to MCC in support of continued electronic surveillance. Govt. ER 299; 329-31. The government may not use Driskel's telephone calls to establish probable cause for the wiretap, then deny that Driskel has standing to challenge the wiretap warrant